IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

    Plaintiff,

v.                                                       Civ. No. 23-318 GBW/SCY

CITY OF ALBUQUERQUE
*Code Enforcement Department*, and
NICOLE A. SANCHEZ, *Attorney*
*for City of Albuquerque*,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

THIS MATTER is before the Court on Defendants City of Albuquerque Code Enforcement Authority and Nicole Sanchez's Opposed Motion to Dismiss Plaintiff's Complaint in Lieu of an Answer (the "Motion to Dismiss") (*doc. 7*), Plaintiff's Motion to Remove Case/Complaint and Counter Claims from U.S. District Court and Move to State Judicial Court (the "Motion to Remand") (*doc. 12*), Plaintiff's Motion to Vacate and Continue Order to File Opposition or Federal Claims is Opposed Motion Filed by the Defendants (the "First Motion to Vacate") (*doc. 24*), Plaintiff's [Second] Motion to Vacate and Continue Order to File Opposition or Federal Claims is Opposed Motion Filed by the Defendants (the "Second Motion to Vacate") (*doc. 26*), and the parties' accompanying briefing on these matters (*docs. 19, 25, 27*). Having reviewed the briefing

1

and being fully advised, the Court will DENY Plaintiff's Motion to Remand and GRANT in part and DENY in part Defendants' Motion to Dismiss.

## I. BACKGROUND

This case arises from a City of Albuquerque Administrative Hearing (the "Administrative Hearing") held on November 10, 2022. *See generally doc. 1-1*; *doc. 2-1* at 3. Plaintiff alleges that, without proper notice, the City of Albuquerque held an Administrative Hearing regarding Plaintiff's real property. *Doc. 1-1* ¶ 10. The hearing resulted in a civil penalty of five hundred dollars ($500.00) against Plaintiff. *Doc. 2-1* at 3. On March 9, 2023, Plaintiff filed his Complaint in state court against Defendants the City of Albuquerque Code Enforcement Authority ("Defendant City") and Nicole Sanchez ("Defendant Sanchez"). *Doc. 1-1*. Based on the foregoing facts, the Complaint appears to raise two claims against both Defendants: (1) a claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to procedural due process, and (2) a claim under the New Mexico Civil Rights Act for violation of his state constitutional right to procedural due process. *See generally id*.

Defendants removed the case to federal court on April 12, 2023, *doc. 1*, and filed the instant Motion to Dismiss on April 19, 2023, *doc. 7*. Plaintiff's response would have been due on April 26, 2023, but none was filed. Therefore, briefing on the Motion to Dismiss is complete. D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in

support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

On April 28, 2023, Plaintiff filed his Motion to Remove Case/Complaint and Counter Claims from U.S. District Court and Move to State Judicial Court (the "Motion to Remand").[1]  *Doc. 12*.  Defendants filed their response on May 10, 2023.  *Doc. 19*.  Plaintiff's reply would have been due on May 24, 2023, but none was filed.  Therefore, briefing on the Motion to Remand is complete.  *See* D.N.M.LR-Civ. 7.1(b).

Because Plaintiff never responded to Defendants' pending motion to dismiss and because he moved to remand his case to state court, the Court ordered Plaintiff to file a notice of opposition or response to Defendants' motion to dismiss his federal claims on June 14, 2023.  *Doc. 23*.  The Order notified Plaintiff that if he did not oppose dismissal of his federal claims and only wished to press his state claims, the federal claims would be dismissed, and the case would be subject to remand.  *Id.* at 1.  On June 26, 2023, Plaintiff filed his First Motion to Vacate stating, "Of course, the [Plaintiff] opposes dismissal of this case."  *Doc. 24* ¶ 1.  On August 9, 2023, Plaintiff filed his Second Motion to Vacate which is identical to the first except for the addition of a five-sentence argument section.  *See generally doc. 26*.  Because Plaintiff's First and Second Motions to

---

[1] The Court construes Plaintiff's Motion to Remove Case/Complaint and Counter Claims from U.S. District Court and Move to State Judicial Court, *doc. 12*, as a motion to remand based on Plaintiff's request that "the case should be order[ed] by this court to remand it back to the original filing."  *Id.* ¶ 4.

3

Vacate do not request additional relief, the Court construes the motions together as a response to the Court's June 14, 2023, Order rather than actual motions.

**II.  ANALYSIS**

    **A. Motion to Remand**

Defendants request that the Court deny Plaintiff's Motion to Remand because Plaintiff fails to argue that this Court lacks subject matter jurisdiction. *Doc. 19* at 2. Alternatively, Defendants argue that the Motion to Remand should be denied because Plaintiff's Complaint invokes federal jurisdiction on its face. *Id.*

This Court has original jurisdiction over this case because a federal question is presented on the face of Plaintiff's Complaint. *See* 28 U.S.C. § 1441(a) (defendants may remove an action to federal court if a United States district court would have original jurisdiction over the action); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question jurisdiction exists when "a federal question is presented on the face of plaintiff's properly pleaded complaint") (citations omitted). Plaintiff does not argue that this Court lacks jurisdiction or that his Complaint was improperly removed. Additionally, when the Court notified Plaintiff that the case would be subject to remand if he did not oppose dismissal of his federal claims and only wished to press his state claims, Plaintiff responded by stating, "Of course, the [Plaintiff] opposes dismissal of

4

this case." *Doc. 24* ¶ 1. The Court construes this response as Plaintiff's opposition to dismissal of his federal claims.

Accordingly, because the Court has original jurisdiction over this case and Plaintiff has indicated that he opposes dismissal of his federal claims, it will deny Plaintiff's Motion to Remand. The Court will exercise supplemental jurisdiction over Plaintiff's state claims because they are part of the same case or controversy as Plaintiff's federal claims – the lack of notice to Plaintiff regarding the Administrative Hearing held on November 10, 2022, which resulted in a civil penalty of five hundred dollars ($500.00) against him. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) ("[I]t is well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (federal courts may exercise pendent jurisdiction over state law claims when "state and federal claims. . . derive from a common nucleus of operative fact.").

### B. Motion to Dismiss

Defendants request that Plaintiff's Complaint be dismissed due to Plaintiff's failure to sufficiently plead any claim for which relief can be granted. *See generally doc. 7*. Specifically, Defendants argue that Plaintiff's 42 U.S.C. § 1983 claim against the Defendant City should be dismissed because Plaintiff fails to sufficiently allege a claim

based on *Monell* liability. *See* doc. 7 at 3-5. Additionally, Defendants request that the Court dismiss Plaintiff's Complaint in its entirety due to Plaintiff having no protected property interest and thus no procedural due process claim. *Id*. at 5-8.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556. Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id*. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint must only be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the

6

complaint are true (even if doubtful in fact)." *Id*. at 555.  However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not shown entitlement to relief.  *Id*. at 679.

Plaintiff is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This rule means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements."  *Id*.  The liberal rule of construction, however, "does not relieve plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id*.  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted."  *Id*.

7

> *i. Municipal Liability*

Plaintiff's claim that Defendant City violated his procedural due process under the U.S. Constitution fails because Plaintiff's Complaint does not allege that Defendant City had a policy or custom that led to the violation of Plaintiff's constitutional rights.[2] A municipality cannot be held vicariously liable under 42 U.S.C. § 1983 merely because of the acts of its agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). Rather, a municipality is liable only if "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Accordingly, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

In order to meet the second element of his burden, Plaintiff must "identify 'a government's policy or custom' that caused the injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (quoting *Monell*, 436 U.S. at 694).

---

[2] Plaintiff's claim also fails because Plaintiff sued the City of Albuquerque Code Enforcement Department which is not a suable entity under § 1983. *See Brizzee v. City of Albuquerque Code Enf't*, at *3 (D.N.M. Apr. 22, 2019) ("New Mexico law vests municipalities, not individual departments, with the power to be sue or be sued, and with the authority to contract. Thus, local departments cannot be held separately liable in an action brought under § 1983.") (citations omitted). Given that Defendants do not raise this argument in their briefing, Defendants appear to be proceeding under the assumption that Plaintiff sued the City of Albuquerque. The Court will address Defendants' argument that Plaintiff has not alleged a policy or custom of the City of Albuquerque that would permit him to bring a § 1983 claim against the City.

8

The challenged policy or custom may take different forms. *See Cacioppo v. Town of Vail*, 528 F. App'x 929, 931–32 (10th Cir. 2013) (unpublished). "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider*, 717 F.3d at 770. For liability to attach, the plaintiff must demonstrate a "direct causal link between the custom or policy and the violation alleged." *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997) (quoting *Jenkins v. Wood,* 81 F.3d 988, 993–94 (10th Cir. 1996)). Generally, a "single incident of unconstitutional activity is not sufficient to impose liability" under *Monell*. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff fails to allege any facts that remotely resemble the basis for a municipal liability claim under 42 U.S.C. § 1983. Plaintiff does not reference any unconstitutional policy or custom enacted or maintained by Defendant City. Plaintiff does not allege deliberately indifferent training or supervision by Defendant City. Similarly, Plaintiff does not point to an unconstitutional decision by a final policymaker for Defendant City. Accordingly, the Court will dismiss Plaintiff's 42 U.S.C. § 1983 claim against Defendant City. *See Brizzee v. City of Albuquerque Code Enf't*, 2019 WL 1767403, at *3 (D.N.M. Apr. 22, 2019) (granting dismissal of a pro se plaintiff's 42 U.S.C. § 1983 claim

against the City of Albuquerque because the pro se plaintiff "fail[ed] to allege any facts that remotely resembl[ed] the basis for a municipal liability claim under § 1983").

    *ii. Procedural Due Process*

The remaining claims are a procedural due process claim under the U.S. Constitution against Defendant Sanchez and procedural due process claims under the New Mexico Constitution against both Defendants City and Sanchez. Defendants argue that these procedural due process claims should be dismissed because Plaintiff has failed to plead a protected property interest. *Doc. 7* at 6-7. Specifically, Defendants contend that "Plaintiff specifically disavowed having a property interest in the property listed in the order purportedly authored by a hearing officer," and has made no allegations that any post deprivation process was inadequate. *Id*.

    a. Federal Procedural Due Process Claim Against Defendant Sanchez

The Fourteenth Amendment protects individuals from deprivations of "life, liberty, or property, without the due process of law." U.S. Const. amend. XIV. This Court engages in a two-step inquiry to determine if a plaintiff has been denied procedural due process. First, it determines whether the individual had a protected interest under the Due Process Clause. *See, e.g., Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996). If so, it examines whether the individual received an appropriate level of process. *Id*.

10

Plaintiff alleges that he never received notice of the Administrative Hearing in which Defendant City imposed a five hundred dollar ($500.00) civil penalty against him. *Doc. 1-1* ¶¶ 20, 22; *Doc. 7* at 7. As evidence for this allegation, Plaintiff quotes the Order from the Administrative Hearing which states that the letter providing notice to Plaintiff was "returned" as "not deliverable." *Doc. 1-1* ¶ 20. In addition, Plaintiff notes that the property address listed in the Order is not the address of his property,[3] implying that Defendant City may have sent notice to the wrong property. Plaintiff then alleges that he "has [no] association" with the property address listed on the Administrative Hearing Order. *Doc. 1-1* ¶ 26.

Defendants' only response to Plaintiff's allegations is that "[i]f Plaintiff has no association with the property, he has no property interest." *Doc. 7* at 7. Specifically, Defendants contend that because Plaintiff has no association with the real property located at the address listed on the Administrative Hearing Order, Plaintiff has no property interest under the Due Process Clause. *Id*. Defendants misconstrue Plaintiff's allegations. The Court does not construe Plaintiff's Complaint as asserting a property interest in the real property located at the address listed on the Administrative Hearing Order. Rather, the Court interprets Plaintiff's Complaint as asserting a property interest in the five hundred dollar ($500.00) civil penalty ordered against him. The

---

[3] The address provided in the Order is "8521 Central Ave SE." *See doc 2-1* at 3. It appears from the Court's Internet search that this address does not exist. Defendants fail to address this alleged mistake by the City of Albuquerque.

11

Administrative Hearing Order had no impact on any real property. However, it did result in the five-hundred dollar ($500.00) fine against Plaintiff. Defendants fail to address Plaintiff's property interest in the five hundred dollar ($500.00) civil penalty ordered against him.

The Court does not find Defendants' argument to be an adequate response to Plaintiff's contention that he never received notice regarding the Administrative Hearing on November 10, 2022. At this stage in the proceedings, the Court is persuaded that Plaintiff plausibly alleges that he never received notice regarding the Administrative Hearing that resulted in a five-hundred dollar ($500.00) civil penalty against him. Based on Plaintiff's allegations and Defendants' failure to meaningfully address the allegations, the Court finds that Plaintiff has alleged enough facts to assert a plausible procedural due process violation against Defendant Sanchez at this stage in the proceedings.

      b. State Procedural Due Process Claim Against Defendants City and Sanchez

The New Mexico Civil Rights Act ("NMCRA") is New Mexico's § 1983 state analogue.[4]  *See* N.M. Stat. Ann. §§ 41-4A-4 (2021) (prohibiting state and local

---

[4] Unlike § 1983, the NMCRA provides that public bodies "shall be held liable for conduct of individuals acting on behalf of, under color of or within the course and scope of the authority of the public body." N.M. Stat. Ann. § 41-4A-3(C). Additionally, claims brought pursuant to the NMCRA [must] be brought exclusively against a public body. *Id*. "As used in the [NMCRA], 'public body' means a state or local government, an advisory board, a commission, an agency, or an entity created by the constitution of New

12

government officials from subjecting others to a "deprivation of any rights, privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico."). Similar to the Fourteenth Amendment of the United States Constitution, Article II, Section 18 of the New Mexico Constitution states that "no person shall be deprived of life, liberty, or property without due process of law." N.M. Const. art. II, § 18.[5] The two-step inquiry to determine if a plaintiff has been denied procedural due process under Article II, Section 18 of the New Mexico Constitution mirrors the two-step inquiry to determine if a plaintiff has been denied procedural due process under the Fourteenth Amendment of the United States Constitution. *See Bd. of Educ. Of Carlsbad Mun. Schs. v. Harrell*, 882 P.2d 511, 518 (N.M. 1994) ("Before a procedural due process claim may be asserted, the plaintiff must establish that he was deprived of a legitimate liberty or property interest and that he was not afforded adequate procedural protections in connection with the deprivation."

Defendants contend that Plaintiff's claims brought pursuant to the New Mexico Civil Rights Act ("NMCRA") can be dismissed for the same reasons as can his

---

Mexico or any branch of government that receives public funding[.]" N.M. Stat. Ann. § 41-4A-2. The NMCRA also waives sovereign immunity and prohibits the use of the defense of qualified immunity for causing the deprivation of any rights, privileges or immunities secured by the bill of rights of the New Mexico Constitution. N.M. Stat. Ann. §§ 41-4A-4, 41-4A-9.

[5] Defendants contend that Plaintiff "fails to specify a deprivation of a right, privilege or immunity pursuant to the bill of rights of the constitution of New Mexico." *Doc. 7* at 7. Plaintiff brings a claim under the NMCRA for violation of his state constitutional right to procedural due process. *See generally doc. 1-1*. Plaintiff's right to procedural due process under the New Mexico Constitution is found in Article II, which is the Bill of Rights. *See* N.M. Const. art II §§ 1-24.

13

procedural due process claims under the Fourteenth Amendment. *Doc. 7* at 7. That is, because Plaintiff has no association with the real property located at the address listed on the Administrative Hearing Order, Plaintiff has no property interest under the Due Process Clause. However, the above analysis precludes Defendants' argument. Plaintiff's state procedural due process claim against Defendant City[6] survives dismissal for the same reasons stated above in Sec. B(ii)(a). However, the Court will dismiss Plaintiff's state procedural due process claim against Defendant Sanchez because claims brought pursuant to the NMCRA must be brought exclusively against a public body. *See supra* p. 12, n. 4.

Construing Plaintiff's Complaint liberally, accepting his factual allegations as true, and limiting itself to the arguments presented by Defendants, the Court finds that Plaintiff has alleged enough facts to assert a plausible state procedural due process violation against Defendant City at this stage in the proceedings.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remove Case/Complaint and Counter Claims from U.S. District Court and Move to State Judicial Court (*doc. 12*) is DENIED and Defendants City of Albuquerque and Nicole Sanchez's Opposed Motion

---

[6] The Court notes that Plaintiff brought this suit against the City of Albuquerque Code Enforcement Department. It is unclear whether the Code Enforcement Department is a suable entity under the NMCRA, but Defendants fail to raise this argument and the Court will not address it *sua sponte*.

to Dismiss Plaintiff's Complaint in Lieu of an Answer (*doc. 7*) is GRANTED in part and DENIED in part.

Plaintiff's claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to procedural due process is DISMISSED with prejudice against Defendant City of Albuquerque Code Enforcement Department.  Plaintiff's § 1983 claim remains against Defendant Sanchez.

Plaintiff's claim under the New Mexico Civil Rights Act ("NMCRA") for violation of his state constitutional right to procedural due process is DISMISSED with prejudice against Defendant Sanchez.  Plaintiff's NMCRA claim remains against Defendant City of Albuquerque Code Enforcement Department.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**