UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILLIAM GARDNER,** *pro se*

    **Plaintiff,**

                                                                                                      No. 1:23-cv-00318 GBW/SCY

vs.

**CITY OF ALBUQUERQUE**
**Code Enforcement Department, and**
**NICOLE A. SANCHEZ, Attorney**
**for City of Albuquerque,**

    **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), the parties have conferred electronically following an email that was sent on January 22, 2024 by Ms. Dalton and was received from by Mr. Gardner. Plaintiff's Exception: No meeting.

## NATURE OF THE CASE

Plaintiff asserts that all the claims in the complaint are still viable. *See complaint.* The Defendant was sent a settlement amount attached, *see record.* There has been no response from the Defendant concerning the financial settlement. The Plaintiff is requesting a jury.

Defendants deny Plaintiff's claims or that Plaintiff was deprived of any of his constitutional rights under the constitution of the United States or the constitution of the State of New Mexico.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Any all-necessary responses to dismiss any motions by the Defendants' defaults judgements, summary judgements. After discovery and depositions have been completed the Plaintiff reserves the right to amend the pleadings.

Plaintiff should be allowed until **April 16, 2024** to move to amend the pleadings and to join additional parties in compliance with the requirements of FED. R. CIV. P. 15(a).

Defendants intend to file: Motion(s) to Dismiss; Motion(s) for Summary Judgment

Defendants should be allowed until **May 18, 2024** to move to amend the pleadings and to join additional parties in compliance with the requirements of FED. R. CIV. P. 15(a).

## STIPULATIONS

Plaintiff's Exception: The Plaintiff does **not** stipulate to the Venue, as the clear and unambiguous language of the NM Civil rights Act of 2021, isolates this case to be filed in State Court. However, the Plaintiff will stipulate the venue is proper for settlement and for a purpose of mediation as ordered by the court.

The parties stipulate and agree that the law governing this case is 42 U.S.C. § 1983 and the New Mexico Civil Rights Act ("NMCRA"), NMSA 1978, §§ 41-4A-1, *et seq*.

The parties are willing to further stipulate to the following facts: The address cited in the November 10, 2022 order for enforcement was 8521 Central Ave SE.

## PLAINTIFF'S CONTENTIONS:

The Plaintiff has had his due process rights violated by the Defendants city of Albuquerque which is a public body and the person acting on behalf of the City is Nicole Sanchez as the clear and unambiguous reading of the Nm Civil rights Act. The Defense of Qualified Immunity is prohibited. *See the reading of the Act.*

*A. A public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body shall not subject or cause to be* subjected any resident of New *Mexico or person within the state to deprivation of any rights, privileges or immunities secured pursuant to the constitution of New Mexico.*

*B. A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court.*

*C. The remedies provided for in the New Mexico Civil Rights Act are not exclusive and shall be in addition to any other remedies prescribed by law or available pursuant to common law.*

*SECTION 4 PROHIBITING THE USE OF THE DEFENSE OF QUALIFIED IMMUNITY.--In any claim for damages or relief under the New Mexico Civil Rights Act, no public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body shall enjoy the defense of qualified immunity for causing the deprivation of any rights, privileges or immunities secured by the constitution of New Mexico.*

*SECTION 5. MANDATORY ATTORNEY FEES.--The court shall award reasonable litigation expenses and attorney fees for all work reasonably necessary to obtain a successful result to any person who prevails in a court action to enforce the provisions of the New Mexico Civil Rights Act. When determining litigation expenses and reasonable attorney fees, the court shall not exclude work on other claims that were inextricably intertwined with work performed to obtain a successful result pursuant to the New Mexico Civil Rights Act.*

The Plaintiff was NOT notified and addressed in not the correct address at (8521 Central Ave. SE), listed by the Defendant. The Plaintiff was not only notified as required by law, but the in actual decision and order it states that the Plaintiff was not present.

The Plaintiff is also entitled to notification and due process of the law in order to defend his property and case, this was prohibited by the City of Albuquerque and its employees who are not qualified immune from assertions as a defense, in accordance with clear and unambiguous language of the NM Civil rights Act. (NMSA chapter 41 torts article 4A).

3

## **DEFENDANT'S CONTENTIONS**

Plaintiff's claim(s) against Defendant City of Albuquerque Code Enforcement Department must be dismissed because the Code Enforcement Department is not a proper Defendant. [*See* Doc. 28, fn. 2] Additionally, Plaintiff's claims must be dismissed the City's agents and/or employees are entitled to qualified immunity. Plaintiff's claims are also subject to dismissal because Plaintiff was provided with adequate and appropriate notice that the property at 8521 Central Ave. SE, owned by Jardinero Investments, LLC, was subject to an enforcement action, followed by a hearing, for which the notice was sent to the property owner of record with the Bernalillo County Assessor's Office.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

## **PLAINTIFF'S ANTICPATED FACT WITNESSES**

The Plaintiff will jointly depose all the witnesses listed by the Defense attorney. After a proper discovery has been made by the Parties the Plaintiff reserves the right to add or subtract any listed witnesses.

1. *All witnesses of the Defendant.*

*Nicole A. Sanchez*
*c/o Kristin J. Dalton, Managing City Attorney*
*Office of the City Attorney*
*P.O. Box 2248*
*Albuquerque, NM 87102*

*It is anticipated that Ms. Sanchez will testify concerning her involvement, if any, in the incident and any of the facts and circumstances surrounding the incidents alleged in the Complaint of which she has knowledge.*

2. *Christopher Armenta*
    *c/o Kristin J. Dalton, Managing City Attorney*
    *Office of the City Attorney*
    *P.O. Box 2248*
    *Albuquerque, NM 87102*

3. Land Clark Chief Building inspector, for the city of Albuquerque.

    Plaza del sol
    190 2nd St. NW 506 Basement
    Albuquerque NM 87102
    505-924-3313
    lclark@cabq.gov
    It is anticipated that Mr. Clark will testify concerning his involvement, if any, in the incident and any of the facts and circumstances surrounding the incidents alleged in the Complaint of which he has knowledge.

4. Administrative Hearing officer who heard the case. His name is Stanley D. Harada

    It is anticipated that Hearing officer will testify concerning his involvement, if any, in the incident and any of the facts and circumstances surrounding the incidents alleged in the Complaint of which he has knowledge. The acknowledgment that the Plaintiff was not present or properly notified of such hearing in November 2022.

5. All investigators and their disclosed discovery.

6. William Gallegos City of Albuquerque.

    600 2nd St. NW 506
    Albuquerque NM 87102
    505-252-1464
    wjgallegos@cabq.gov

It is anticipated that Mr. Gallegos will testify concerning his involvement with properties along Central Ave. and the neglect of the city to protect its citizens against the drug trade, prostitutes, homelessness, significant property damage and actual crime in an around the property of Central. It will be anticipated that he will testify that the facts that property owners are targeted financially for actual damages caused by these criminals.

7. Representative from Police Department/affidavit will suffice. Upon discovery and disclosure of the Records, the Plaintiff plans on calling a representative from the police department to document ALL the calls by the Plaintiff over the years. About the Crimes he has witnessed.

    Police Department
    12800 Lomas Blvd NE
    Albuquerque NM 87122
    505-332-5240

## PLAINTIFF'S ANTICPATED EXHIBITS

Plaintiff the anticipated exhibits used in the jury trial will be the Actual hearing minutes. All of discovery of the investigation, the Ex parte decision and order. Administrative hearing officer rules and regulations.

## PLAINTIFF'S EXPERT WITNESSES

The Plaintiff plans to call a civil rights expert on the NM Civil rights Act of 2021. Plans to call an expert concerning the City of Albuquerque neglect of its Tax paying citizens rights and protection against crime.

## DEFENDANT'S FACT WITNESSES

1.     Plaintiff William Gardner
    8200 Carmel Ave. NE, Suite 101
    Albuquerque, NM 87122
    (505) 507-2669
    wcgardner1@gmail.com

    *Plaintiff Pro Se*

It is anticipated that Mr. Gardner will testify about the allegations raised in his Complaint and his alleged damages.

2. Nicole A. Sanchez
c/o Kristin J. Dalton, Managing City Attorney
Office of the City Attorney
P.O. Box 2248
Albuquerque, NM 87102

It is anticipated that Ms. Sanchez will testify concerning her involvement, if any, in the incident and any of the facts and circumstances surrounding the incidents alleged in the Complaint of which she has knowledge.

3. Christopher Armenta
c/o Kristin J. Dalton, Managing City Attorney
Office of the City Attorney
P.O. Box 2248
Albuquerque, NM 87102

It is anticipated that Christopher Armenta will testify concerning his involvement, if any, in the incident and any of the facts and circumstances surrounding the incident alleged in the Complaint of which he has knowledge.

4. Any witness identified and/or yet to be identified by Plaintiff, subject to objection.

5. Any witness identified and/or yet to be identified in discovery, subject to objection.

6. Any witness necessary for rebuttal.

7. Any witness necessary to establish a foundation or authenticate evidence.

## DEFENDANTS' EXHIBITS

1. IDO 22-53 CASE FILE (*to be produced* with Defendants' Initial Disclosures).

2. IDO 22-87 CASE FILE (*to be produced* with Defendants' Initial Disclosures).

3. Bernalillo County Assessor Records for 8521 Central Ave SE (*to be produced* with Defendants' Initial Disclosures).

4. Jardinero Investments, LLC – Corporation Division Search Information (*to be produced* with Defendants' Initial Disclosures).

5.  Defendant City of Albuquerque's Integrated Development Ordinance ("IDO"), § 14-16-6-9(C)(5), ROA 1994 *et seq.*, subject to admissibility.

6.  Expert reports, subject to objection.

7.  Any exhibit identified by Plaintiff or any other party, subject to objection.

8.  Any exhibit identified through discovery, subject to objection.

## **DEFENDANTS' EXPERTS**

Defendant(s) have not yet made a determination on expert witness(es) but reserve the right to disclose expert witness(es) at a later date and in accordance with the Court's Order.

Discovery will be needed on the following subjects: Discovery will be needed on Defendants' defenses.

Maximum of 25 interrogatories by each party to any other party. (Responses due thirty days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due thirty days after service).

Maximum of 25 requests for production of documents by each party to any other party. (Response due thirty days after service).

Maximum of 5 depositions by Plaintiff(s) and 5 by Defendant(s).

Each deposition is limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by **May 16, 2024**

    from Defendant(s) by **June 17, 2024**

Supplementation under Rule 26(e) due 14 days after necessity for supplementation is discovered by a party or by agreement to supplement.

All discoveries commenced in time to be complete by July 15, 2024.

Motions relating to discovery to be filed by August 5, 2024.

## PRETRIAL MOTIONS

Plaintiff intends to file: All responses and Defense to any motions the Defendants plan on filing. Plaintiff will file discovery and deposition request related motion as necessary along with any protective orders.

Defendant(s) intend to file: Defendant(s) will file discovery-related motions as necessary, dispositive motions, including, but not limited to, a Motion for Summary Judgment based on qualified immunity, *inter alia*, any other pretrial motions, as necessary, and motions *in limine*, as necessary.

## ESTIMATED TRIAL TIME

The parties estimate the trial will require 3 days.

____    This is a non-jury case.

XX      This is a jury case.

The parties request a pretrial conference 30 days prior to date of the jury trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the close of discovery. The parties request a settlement conference at the close of discovery. Plaintiff's Exception: As depositions are very expensive for the City and Plaintiff. For the sake of Judicial

9

economy, the Plaintiff suggests that before any depositions are taken that settlement conference commence.

## EXCEPTIONS

Exceptions are noted above, in bold.

**APPROVED WITH EXCEPTIONS**
(note exceptions above)

_____
William Gardner
Jardinero Investments, LLC
8200 Carmel Ave. NE, Suite 101
Albuquerque, NM 87122
(505) 507-2669
wcgardner1@gmail.com

*Plaintiff Pro Se*

-and-

**CITY OF ALBUQUERQUE**
Lauren Keefe, City Attorney

/s/ *Kristin J. Dalton*
Kristin J. Dalton
Managing City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500 / F: (505) 768-4505

*Attorney for Defendants City of Albuquerque Code Enforcement Department and Nicole A. Sanchez*